FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 06 2020 ★

BROOKLYN OFFICE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYRONE MASSEY,

        Plaintiff

     v.

CAPTAIN AHMED, *et al.*,

        Defendants.
------------------------------------------------------------X

**DECISION AND ORDER**
18-CV-5808 (WFK)

**WILLIAM F. KUNTZ, II United States District Judge:**

For the reasons set forth below, the Court dismisses this action without prejudice for failure to prosecute.

## Background

On October 16, 2018, Tyrone Massey ("Plaintiff") filed a Complaint in this Court against Captain Ahmed, Correction Officer Robinson, and Correction Officer Mariano (collectively, "Defendants") alleging violations of 42 U.S.C. § 1983. Compl., ECF No. 1. On January 22, 2019, a summons was issued as to all Defendants. ECF No. 5. On February 1, 2019, mail was returned as undeliverable to the Plaintiff as Plaintiff was on parole and no longer at Downstate Correctional Facility, the provided address. On February 8, 2019, summons to all Defendants were returned unexecuted. On February 22, 2019, mail was returned as undeliverable to the Plaintiff.

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedures provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Because dismissal for failure to prosecute is a "harsh remedy" for "extreme situations," *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009)

1

(quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)), the Court considers five factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Court considers the record of the entire case as a whole, with no one factor being dispositive. *See id.*

Considering the five factors in light of the record of this case, the Court dismisses this action without prejudice for failure to prosecute an appropriate remedy.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 6, 2020
Brooklyn, New York